**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHISN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | NO.  2:20-CR-00018 |
| | : | |
| DEWAYNE FOSTER, | : | JUDGE JAMES L. GRAHAM |
| | : | |
| Defendant. | : | |
| | : | |

---

## DEFENDANT'S SENTENCING MEMORANDUM

---

### Case background

Dewayne Foster finds himself before this Court following his plea of guilty to Count 2 of the Indictment which charged him with False Representation of a Social Security Number in violation of 42 U.S.C. §408(a)(7)(B).  His relevant conduct is calculated as more than $95,000 but less than $150,000.  Restitution has been calculated at $18,504.36.

The Statement of Facts accurately outlines the offense conduct.  Mr. Foster has accepted responsibility for the same.  Mr. Foster faces a term of imprisonment up to 5 years, and a term of supervised release up to 3 years.

### Sentencing Guidelines

The Adjusted Offense Level for Mr. Foster is 13 with a Criminal History Category VI.[1]  The Guidelines provide for a sentencing range of 33 - 41 months, followed by a period of supervised release of 1 - 3 years.

---

[1]     The PSR at ¶73 indicates that Mr. Foster has a pending felony (19CR-5772).  That matter was resolved on September 22, 2021 with a plea to Attempted Possession of Fentanyl, a violation of O.R.C.

Mr. Foster objects to the calculation for restitution.  His objections are based upon the fact that restitution includes:  (1) interest and penalties; (2) amounts listed in a credit report; and (3) amounts unverified by probation. Probation has acknowledged limitations in its ability to verify restitution.

**Personal background**[2]

Dewayne Foster is 39 years old.  He is a native of Lima, Ohio, however he has lived here in Columbus since the age of 18.  He has three children ranging in age from 2 to 13. Unfortunately, his history of substance abuse and incarceration has interfered in his relationship with his children.  The Presentence Report accurately outlines his family, social, and economic concerns.

**Health Issues / Sociological Issues**

The Presentence Report outlines several issues relevant to Mr. Foster. They will not be repeated here, nonetheless, they point to his ongoing need for counseling and support.

**Acceptance of responsibility**

Mr. Foster has accepted responsibility for his role in this offense.  He makes no excuses realizing his conduct represents poor choices and an obvious lack of sound judgment, compounded by issues relating to his mental health and substance abuse. It is important to note that many of his convictions are related to alcohol or substance abuse.   Of the 24 listed convictions, 9 are related to conduct associated with alcohol or narcotics.  The remaining 13 convictions are primarily associated with traffic or other minor offenses.

Mr. Foster is anguished about the prospect that his family will suffer as a direct consequence of his choices and further impede his desire to play a

---

§2921.02/2925.11, a felony of the third degree.  He was sentenced to a prison term of 3 years to run concurrent with his sentence in this case and another sentence in Union County.

[2]      Mr. Foster incorporates the Presentence Report's account of his educational, family, physical, social, medical, and mental health history.

meaningful role in the lives of his children. He understands this impediment is directly related to his criminal history; a history he must change.

**Sentencing factors**

*United States v. Booker*, 543 U.S. 220 (2005) makes it clear the District Court is no longer bound by the provisions of the Sentencing Guidelines. The Guidelines are but one of many factors the Court may consider in determining an appropriate sentence. Title 18 U.S.C. §3553 provides:

> **(a)     Factors to be considered in imposing a sentence. The court shall  impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—**
>
> > **(1)     the nature and circumstances of the offense and *the history and characteristics of the defendant*;**

Mr. Foster has faced challenges during his upbringing that were obvious contributors to current circumstances. Those factors are fully amplified within the Presentence Report. Obviously, the choices he has made were incredibly shortsighted. Yet they point to his need for continued assistance in overcoming deficits brought about by a pattern of behavior that continue to keep him in this destructive cycle. This cycle includes that within which other members of his family spiraled.

Mr. Foster's criminal conduct overshadows his underlying mental health issues and struggles with drugs and alcohol. Several of his contacts with the judicial system reflects this reality. Many times, his reliance upon his wit obscured his understanding the need for professional intervention. He now recognizes this path only leads to his destruction. Seemingly, his saga is indistinguishable from others who have appeared before this Court. This does not diminish his struggles. Rather, it highlights the need for a new approach in addressing his problems. One that focuses more upon rehabilitation, not incarceration. Again, Mr. Foster recognizes he is a key component to this

process.  Nonetheless, past practices where punitive sanctions were the primary option clearly proved not to be an adequate substitute for treatment.

Mr. Foster's past educational endeavors, while not stellar, certainly demonstrates his amenability to vocational training and skill development.

**(2)    the need for the sentence imposed—**

**(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

**(B)    to afford adequate deterrence to criminal conduct**;

The Sentencing Guidelines provides for a sentence of 33 to 41 months. The statutory maximum is 5 years.  Each of the sentencing factors may be satisfied with a term of incarceration at the lowest end of the Guidelines. Coupled with a period of supervised release, and an order for restitution, such a sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct.  The sentencing objectives will not be diminished should the Court also impose a sentence concurrent to that for which Mr. Foster has been ordered to serve by the State courts.

**(C)    to protect the public from further crimes of the defendant;**

Ideally the risk of recidivism declines with a strong network of support[3] and rehabilitative services.  Increased age also bears a strong correlation with a lower recidivism rate.  According to Sentencing Commission data, "recidivism rates decline relatively consistently as age increases," from 35.5% under age 21, to 9.5% over age 50. USSC, Measuring Recidivism: *The Criminal History Computation of the Federal Sentencing Guidelines*, at 12 and Exhibit 9 (May 2004).  Hopefully, this latest series of events will begin Mr. Foster's path towards a more productive life.  If nothing else, he certainly realizes he is getting too old for this pattern of conduct.  Given that he has already been sentenced to an 8-

---

[3]    Please refer to the attached letter from Chanda Hittepole.

year prison term from Union County, and a 3-year concurrent term from Franklin County, the needs of the public are already in place obviating the need for any extension of his prison term.[4]

**(D)  *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*;**

Mr. Foster would benefit from a sustained engagement of counseling and services designed to address his needs as outlined within the Presentence Report.  They are well documented.  Any sentence must be structured to embrace his current needs.

**(3)  *the kinds of sentences available*;**

**(4)  the kinds of sentence and the sentencing range established for—**

**(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--  . . .**

The Sentencing Guidelines provides for a sentence of 33 to 41 months. The statutory maximum is 5 years.  Statutorily, Mr. Foster is also eligible for probation for a term of 1 to 5 years.

**(5)  *any pertinent policy statement*—**

**(A)**  issued by the Sentencing Commission pursuant to section 994(a)(2) of  title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)**  that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.

**(6)  the need to avoid unwarranted sentence disparities**

---

[4]  It is also important to note that he faces an additional sanction from Delaware County for violation of his community control sanctions. (Delaware County 19-CR-1-02-0077)

**among defendants with similar records who have been found guilty of similar conduct; and**

Mr. Foster is the final defendant to be sentenced in this case.  His co-defendants have been sentenced for the same offenses as follows:

**Tommy Edwards, Jr.**:  4 years probation; 12 months home confinement; by the Honorable Judge Marbley

**Kiara Mitchell**:  3 years probation; 12 months confinement; $82,173.59 in restitution; by the Honorable Judge Sargus

**China Hester**:    time served with three years supervised release; $4,310 in restitution; by the Honorable Judge Graham

**Isaiah Burnley**:  three years probation; $31,656 in restitution; by the Honorable Judge Watson

**Shaniqua Coleman**:    time served with three years supervised release; five months of home incarceration; $78,202.71 in restitution; by the Honorable Judge Sargus

**Jamilia Kibby**:    12 months and one day; two years supervised release; $46,872.59 in restitution; by the Honorable Judge Graham

**Wayne Hamler**:  18 months imprisonment; three years supervised release; $12,346 in restitution; by the Honorable Judge Graham

Understanding each defendant stands uniquely in their own shoes, it still bears relevance that no other defendant has been sentenced to a term of incarceration greater that 18 months.  Mr. Foster is no more culpable than his co-defendants.  Four of his co-defendants were ordered to make restitution in an amount significantly higher than that recommended for him.  There is no rationale for him to suffer a greater punishment than those who were equally, and perhaps more culpable. Therefore, a concurrent sentence at the lower end of the Guideline range would be appropriate.

**(7)     the need to provide restitution to any victims of the offense.**

18 U.S.C. §3553 (a) (1-7).  (Emphasis added).

While the amount of restitution is in dispute, Mr. Foster will have an obligation to repay the victims in this case.  His opportunity to make restitution will be enhanced upon his release from prison.

**Letters of Support**

Chanda Hittepole provides the attached letter of support on behalf of Mr. Foster.  She describes herself as his "best friend" and "soon to be wife."  She offers her comments from a 5+ year relationship with him.  Two significant events had a very devasting impact upon him: the loss of his mother and grandmother.  These women raised him without the assistance of his father.  Even though his mother faced her own challenges, he valued his relationship with her.  His grandmother died within 10 months of his mother's death.  This caused him to relapse in a spiral of addiction and mental distress.  Yet, Ms. Hittepole has been encouraged by Mr. Foster's effort to improve while he has been incarcerated.  She has been inspired by his efforts and she is committed to working with him towards his rehabilitation.

Mr. Foster has been incarcerated since his arrest.  There has been no report of any misconduct during his detention.  Mr. Foster requests this Court to consider each of the §3553 factors when fashioning an appropriate sentence, including the following:

**Recommendations**

This Court is requested to consider the following options and/or recommendations when imposing sentence:

1.    That Mr. Foster be sentenced to the lowest end of the recommended Guidelines, and possibly below.

2.      That Mr. Foster's sentence run concurrent to Franklin County 19 CR 5772; Delaware County 19-CR-1-02-0077; and Union County 19 CR 108.

3.      That the Court recommend the Bureau of Prisons permit Mr. Foster to participate in any program that reduces his term of confinement.

4.      That, the Court recommend the Bureau of Prisons permit Mr. Foster to participate in an appropriate mental health, drug, and alcohol counseling program.

5.      That the Court recommend the Bureau of Prisons permit Mr. Foster to be sentenced to a facility nearest to Columbus, Ohio.

6.      That any sentence address Mr. Foster's need for mental health counseling, medical treatment, substance abuse, education, and vocational training.

7.      That the Court find Mr. Foster does not have the ability to pay any fines or costs.

8.      That the Court grant Mr. Foster leniency.

Respectfully submitted,

FREDERICK D. BENTON, JR.
A Legal Professional Association

/s/Frederick D. Benton, Jr.
Frederick D. Benton, Jr.
Ohio Supreme Court #0022800
98 Hamilton Park
Columbus, Ohio 43203
(614) 732-4693
fdbenton@columbus.rr.com

Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing pleadings was delivered via Electronic mail on this the _3ʳᵈ_  day of January, 2022 to the following:

Timothy Landry
UNITED STATES ATTORNEY'S OFFICE
221 East Fourth Street, Suite 400
Cincinnati, OH 45202
timothy.landry@usdoj.gov

Respectfully submitted,

FREDERICK D. BENTON, JR.
A Legal Professional Association

/s/ Frederick D. Benton, Jr.
Frederick D. Benton, Jr.
Ohio Supreme Court #0022800
98 Hamilton Park
Columbus, Ohio 43203
(614) 732-4693
fdbenton@columbus.rr.com

Trial Counsel for Defendant

**Chanda Renee Hittepole**
**Fiance Of Dewayne M. Foster**
**Resident of Columbus Ohio**

**Regards to sentencing On The 3rd Day Of December 2021**

## Judge Graham

U.S. District Court
85 Marconi Boulevard

Dear Honourable Judge Graham,

Today Marks the start of a new beginning,and the opportunity to start planning our future. I am Dewayne Foster's Bestfriend and soon to be wife.  I can't even put into words what life has been like without my BestFriend. Before I begin Most importantly I would like to begin by saying "Thank You."  Thank you For taking the time to read my letter that I have written for you on This bitter sweet day. I have known Dewayne Foster for 5+ Years, Dewayne has been my Hero since the first day we met. I want to bring to  Light What kind of person Dewayne Foster is,  Despite the grave Allegations that he has faced in recent times . After the Loss of Dewaynes Mother I began to watch the Man that I once knew and adored  suffer in Silence of pride while grieving his losses . Dewayne has always been a caregiver  and a provider to Everyone he loves. He is a true gentleman and is ALWAYS true to his word. Dewaynes mother was his World. He loved that woman and valued her morals.He'll be the first person to let you know,  a woman raised him, and it truly shows. Dewayne is Very Genuine. He loves with a Pure Heart.  A Short 10 months after the passing of his mother Dewayne then Lost his Grandmother , Two of the most valuable people in his life, after growing up with no father , these two women raised him, He never knew life without them. His pain was real and he never let it show, Dewayne started to ease his pain by self medicating, which led to bad decisions and being involved with the wrong people. His addiction started a downward spiral which led him deep in the streets, once getting involved it was hard for him to get out of the streets  . The time that Dewayne has spent incarcerated these last two years I am Proud of  the improvements he has made already , God has a plan for him, and I believe this was his way out of the madness and a way to start over . Despite Dewaynes situation and circumstances , Daily he still motivates me as well as himself to be a better version of ourselves by believing in our faith. He is a good man. I have chosen to be by his side through this entire duration, not once have I regretted being a part of his jorney. He brings so much light to my life it's more or less been

rewarding. He means the world to me. He deserves a brighter future. And I can't wait to be a part of it.

I am Very well aware of the charges that he is facing and the consequences of those but looking at the Growth he has made as he prays for forgiveness I would like to plead for Leniency your honor. He is a well-mannered gentleman, and I am certain he will learn from his experience and will not think of repeating it.

I Hope that you look into this matter and consider this Letter before passing on any verdict. Dewayne will strive to make amends , and I am positive we will get to see his greatness bring fruitful results to our society again.

Thank you for your time

Sincerely,

Chanda